# EXHIBIT 1

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **23-CI-00966**<br>Court:  **CIRCUIT**<br>County: **BULLITT** |

*Plantiff,* **HAYES , JOSHUA VS. GORDON FOOD SERVICE, INC**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN ST**
   **FRANKFORT, KY 40601**

Memo: Related party is GORDON FOOD SERVICE, INC

The Commonwealth of Kentucky to Defendant:
**GORDON FOOD SERVICE, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paulita A. Keith*
Bullitt Circuit Clerk
Date: **12/5/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____       Served By _____

                                                                  Title _____

Summons ID: 698394747301068@00000235247
CIRCUIT: 23-CI-00966 Certified Mail
HAYES , JOSHUA VS. GORDON FOOD SERVICE, INC





CASE NO. _____            COMMONWEALTH OF KENTUCKY
                                                                                             BULLITT CIRCUIT COURT

JOSHUA HAYES                                                                                                                           PLAINTIFF
8105 HORIZON LANE
LOUISVILLE, KY 40219

v.                                ***ELECTRONICALLY FILED***

GORDON FOOD SERVICE, INC.                                                                            DEFENDANT
1300 GEZON PARKWAY SW
WYOMING, MI 49509

         Serve:  Corporation Service Company
                  421 West Main Street
                  Frankfort, KY 40601

## COMPLAINT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

       Comes now the Plaintiff, Joshua Hayes, by counsel, and for his causes of action against the Defendants states as follows:

### PARTIES

       1.       The Plaintiff, Joshua Hayes, is a citizen and resident of the state of Kentucky, residing at 8105 Horizon Lane, Louisville, KY 40219.

       2.       Defendant Gordon Food Service, Inc., was at all relevant times a foreign corporation, licensed to do business in Kentucky, with its principal office located at 1300 Gezon Parkway SW, Wyoming, MI 49509.

### JURISDICTION AND VENUE

       3.       The circumstances giving rise to this Complaint took place in Bullitt County, Kentucky.

       4.       The amount in controversy exceeds the jurisdictional requirements of this Court.

5. This Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

## GENERAL ALLEGATIONS

6. The incident that forms the basis of the claims stated herein is an injury to the Plaintiff that occurred on or about February 20, 2023, at the Gordon Food Service Distribution Center located at 342 Gordon Industrial Drive, Shepherdsville, KY 40165 ("GFS"). As a result of the negligence of the Defendants, the Plaintiff sustained injuries, including, but not limited to gunshot wounds, multiple injuries to the right lower extremity, and psychological overlay.

7. On or about February 20, 2023, the Plaintiff suffered injuries when another person opened fire on the Plaintiff and his co-worker as they walked to their respective vehicles in the parking lot. As a result of the actions of the Defendants, Plaintiff sustained injuries.

8. The Defendant, GFS, and/or its predecessors owned and/or maintained the property where this injury occurred. produced, planned, organized, and promoted the event.

9. The Defendant, GFS, and/or its predecessors failed to take reasonable steps to prevent foreseeable injuries during the event.

10. The Defendant, GFS, and/or its predecessors failed to ensure the presence of adequate security and monitoring of attendees during the event.

11. The Defendant's failure to take necessary steps to ensure that invitees upon the premises were protected from the foreseeable risks constituted a failure to exercise ordinary care.

12. At all relevant times, the Defendant, GFS, acted by and through its authorized agents, ostensible agents, servants, employees, and/or other representatives. The doctrine of *respondeat superior* applies to the Defendant for the negligent acts or failure to act of its authorized agents, ostensible agents, servants, employees, and/or other representatives.

13. Defendant authorized and/or ratified the tortious conduct of its authorized agents, ostensible agents, servants, employees, and/or other representatives or should have anticipated that such tortious conduct would occur.

14. As a direct and proximate result of Defendant's negligence, Plaintiff sustained temporary and permanent injuries, causing great physical, emotional, and mental pain and anguish and the loss of enjoyment of life, and Plaintiff will continue to suffer such damage in the future; and, Plaintiff has incurred expenses for medical treatment of said injuries and will be required to pay for medical treatment in the future, his injuries being permanent in nature.

15. The acts and/or omissions of Defendants were malicious, wanton, reckless, and/or grossly negligent.

## COUNT I: NEGLIGENCE

16. The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

17. The Defendant, and/or its predecessors owed a duty to the Plaintiff to exercise ordinary care to prevent foreseeable injuries. The Defendant breached this duty by failing to take adequate steps either to warn of or eliminate the risk of third-party attacking the Plaintiff as he was leaving the GFS building.

18. On or about February 20, 2023, as a direct and proximate result of the Defendant's failure to exercise reasonable care, the Plaintiff foreseeably sustained injuries when an individual attacked and shot the plaintiff and his co-worker.

19. The Defendant's breach of the duty of care owed to the Plaintiff was a substantial factor in causing, and/or the direct and proximate cause of, physical, emotional, and financial injuries suffered by the Plaintiff, including the following:

a. mental and physical pain and suffering both of a temporary and permanent nature all to his damage in a sum to be determined by a jury sitting in the trial of this matter;

b. the expenditure of sums of money for hospital, medical and other rehabilitation expenses and will be caused to expend such sums of money in the future in a sum to be determined by a jury sitting in the trial of this matter;

c. loss of the Plaintiff's ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter; and

d. lost earnings and impaired ability to labor and earn money in the future, in a sum to be determined by a jury sitting in the trial of this matter.

## COUNT II: NEGLIGENT SECURITY

20. The plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

21. The Defendant owed the Plaintiff a duty of maintaining reasonable security measures to protect invitees upon its property from foreseeable injuries.

22. The Defendant's failure to maintain reasonable security measures breached the duty of care it owed to the Plaintiff, thereby creating an unreasonable risk of foreseeable injury to the Plaintiff and others.

23. This breach of the Defendant's duty of care owed to the Plaintiff caused the Plaintiff to suffer physical, emotion, and financial injuries, including those listed above.

## COUNT II: NEGLIGENT HIRING

24. The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

25. The Defendant's owed the Plaintiff a duty of hiring people fit to perform their job duties.

26. The Defendant breached this duty by its hiring of employees who were unfit to perform their job duties.

27. This breach created an unreasonable risk of harm for the Plaintiff and others.

28. The Defendant's breach of the duty of care owed to the Plaintiff caused the Plaintiff to suffer physical, emotional, and financial injuries, including those listed above.

## COUNT V: PUNITIVE DAMAGES

29. The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

30. The above-described negligence and intentional conduct of the Defendants constituted oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others.

31. As a direct and proximate result of the Defendants' intentional conduct, negligence, oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others, the Plaintiff suffered the injuries described herein so as to warrant the imposition of punitive damages.

32. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants and others similarly situated.

**WHEREFORE**, the Plaintiff, Joshua Hayes, by counsel, demands judgment against the Defendants as follows:

1. A trial by jury on all issues of fact herein;

2. Judgment against the Defendants in a fair and reasonable amount;

3. Pre and post judgement interest;



4. Compensatory damages to the extent determined by a trier of fact, including compensation for past and future medical expenses, past and future pain and suffering, lost earnings, and impaired ability to labor an earn money in the future;

5. Punitive damages to the extent determined appropriate by a trier of fact;

6. Attorney's fees;

7. Plaintiff's costs herein expended; and

8. Any and all other relief to which the Plaintiff is entitled.

### CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows: PMA Companies, P.O. Box 5231, Janesville, WI 53547-5231.

**RESPECTFULLY** submitted this 5th day of December, 2023.

/s/ Jason D. Swinney
JASON D. SWINNEY
Morgan & Morgan, Kentucky PLLC
209 East Main Street, Suite 400
Louisville, KY 40202
Telephone: (502) 912-5941
Email: jswinney@forthepeople.com
COUNSEL FOR PLAINTIFF